IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02238-PAB

ASHER INVESTMENTS 3 LLLP,
a limited liability limited partnership,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
an insurance corporation,

    Defendant.

---

**ORDER REMANDING CASE**

---

    This matter is before the Court on the Response to Order to Show Cause [Docket No. 9] filed by defendant Travelers Property Casualty Company of America on September 23, 2010. Defendant removed this action from the District Court of Denver County, Colorado on September 13, 2010 [Docket No. 1]. In a September 15, 2010 Order to Show Cause, the Court required defendant to show cause why this case should not be remanded to state court due to this Court's lack of subject matter jurisdiction. More specifically, the Court instructed defendant to adequately establish the citizenship of plaintiff Asher Investments 3 LLLP.

    It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the

removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008)

As specifically discussed in the Order to Show Cause, the citizenship of a limited liability limited partnership ("LLLP") is determined by the citizenship of its composite entities and partners. In response, defendant contends that "there is ample evidence that the parties to this action are diverse and that [the Court] has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)."[1] Docket No. 9 at 2. The evidence defendant cites indicates that a certain number of unnamed partners of the LLLP "live" in Colorado. This fails to identify the composition of the LLLP or the *citizenship* of its composite members, thus failing to provide the Court with a basis to conclude it has subject matter jurisdiction over this case.

This Court has previously noted, in the context of limited liability companies ("LLCs"), "that while various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of

---

[1] In response, defendant has changed, without explanation, the partnership form of plaintiff, referring to it as an LLP.

2

LLCs to remain anonymous in federal court." *U.S. Advisor, LLC v. Berkshire Property Advisors, LLC*, No. 09-cv-00697, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (in discussing the citizenship of non-corporate artificial entities for diversity purposes, the Court noted that "[t]he resolutions we have reached . . . can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization.").

Furthermore, a natural person is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260.

Defendant has been provided two opportunities to make an adequate showing, first in its Notice and then in its response to the Order to Show Cause, and has yet to do so. By simply providing a basis to conclude that an unspecified number of unidentified partners "live" in Colorado, defendant leaves the Court uncertain about its authority to proceed. Where such uncertainties exist regarding the Court's jurisdiction, they are resolved in favor of remand. *See Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction."). Therefore, it is

**ORDERED** that due to this Court's lack of subject matter jurisdiction, this case is REMANDED to the District Court of Denver County, Colorado, where it was originally filed as Case No. 2010CV6598.

DATED October 1, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge